UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BENJAMIN F. STEPHENSON, JR.,                    Case No.: 0:26cv62015

      Plaintiff,

vs.

BECKER & POLIAKOFF, P.A.,
and STEVEN M. DAVIS, P.A.,

      Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff, BENJAMIN F. STEPHENSON, JR., ("Plaintiff') by and through the undersigned counsel hereby brings this action against Defendants, BECKER & POLIAKOFF, P.A., MIDLAND CREDIT MANAGEMENT, INC., and STEVEN M. DAVIS, P.A., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act § 559.72 *et seq.* (hereinafter "FCCPA").

2.     Plaintiff further alleges a state law claim for the tort of wrongful garnishment against all the above-named Defendants.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

4.     Supplemental jurisdiction exists for Plaintiff's FCCPA claim and common law claims pursuant to 28 U.S.C. § 1367.

5.     Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the

events giving rise to the claim occurred in Miami-Dade County, Florida and Broward County, Florida.

## PARTIES

6.     Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

7.     Plaintiff, Benjamin F. Stephenson Jr., is a natural person and a resident of Live Oak, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

8.     Defendant Becker & Poliakoff, P.A. is a law firm and a Florida Profit Corporation with a principal place of business located at 1 East Broward Blvd, Suite 1800, Fort Lauderdale, Florida 33301.

9.     Defendant Steven M. Davis, P.A. is a Florida Profit Corporation with a principal place of business located at 13611 S. Dixie Highway, #407, Miami, Florida 33176.

10.    At all times relevant to this Complaint, Defendants were engaged in the business of collecting consumer debts.

11.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) because they regularly collect or attempt to collect debts owed or due or asserted to be owed or due another.

12.    Defendants are "persons" as defined by Fla. Stat. § 559.55(8) subject to the provisions of the FCCPA.

## FACTUAL ALLEGATIONS

13.    The underlying debt at issue—federal student loans allegedly owed to the U.S. Department of Education—was incurred primarily for personal, family, or household purposes,

and qualifies as a "debt" under 15 U.S.C. § 1692a(5) and a "consumer debt" under Fla. Stat. § 559.55(6).

14.     The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

15.     Under the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

16.     A debt collector violates 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

17.     A debt collector violates 15 U.S.C. § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

18.     The FCCPA was enacted to provide consumers with protection against illegal and unscrupulous debt collection practices.

19.     Under Fla. Stat. § 559.72(9), no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

20.     Plaintiff previously incurred a financial obligation in the form of federal student loans with the U.S. Department of Education.

21.     As a disabled veteran, Plaintiff applied for and received a Total and Permanent Disability (TPD) discharge of his student loans.

22. The U.S. Department of Education approved the TPD discharge and canceled the loans effective December 31, 2021.

23. Following the discharge, Plaintiff had a zero-dollar ($0.00) outstanding balance, and the debt was legally extinguished.

24. Despite the debt being completely discharged in 2021, Defendants commenced or continued collection activities against Plaintiff, utilizing the Treasury Offset Program to administratively garnish Plaintiff's Social Security Disability benefits.

25. The garnishment offsets against Plaintiff's exempt Social Security benefits began in or around December 2023.

26. On August 9, 2024, Plaintiff's legal aid counsel, Joanne Galipault, Esq., contacted Defendants via email to contest the garnishment and notify them that the debt had been discharged.

27. On that same day, Steven M. Davis replied to Ms. Galipault, claiming he did not administer the Treasury Offset Program, and dismissively told Plaintiff's counsel, "No need to bother so many people with your email. Please stop doing that."

28. On September 17, 2024, Plaintiff's counsel provided Defendants with official documentation from the Department of Education confirming that the loans were completely satisfied.

29. On September 30, 2024, Ms. Galipault sent a formal validation request and dispute to Becker & Poliakoff via Certified Mail, demanding that the collection activity cease.

30. Despite receiving actual notice and documentary proof that the debt was discharged and that the offsets were improper, Defendants failed to cease collection efforts or terminate the garnishment of Plaintiff's Social Security benefits.

31.     Defendants wrongfully continued to garnish Plaintiff's funds even though Nelnet, the loan servicer, issued an account summary confirming a $0.00 balance and a "Paid in Full" status.

32.     Defendants attempted to collect an amount not permitted by law because the legal obligation to pay had been canceled.

33.     Plaintiff incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

34.     Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt, specifically by treating a fully discharged and legally extinguished debt as active and due.

35.     Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the alleged debt, including asserting a legal right to garnish exempt Social Security benefits for a debt that did not exist.

36.     As a result of Defendants' FDCPA violations, Plaintiff has suffered actual damages, including the wrongful loss of his Social Security benefits, emotional distress, and the incurrence of legal fees.

37.     Plaintiff incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

38.     Defendants violated Fla. Stat. § 559.72(9) by claiming, attempting, and threatening to enforce a consumer debt when they knew that the debt was not legitimate because it had been discharged due to Plaintiff's total and permanent disability.

39.     Defendants further asserted the existence of a legal right to garnish Plaintiff's income when they knew, or should have known, that such right did not exist.

40.     Defendants were repeatedly provided with actual notice and proof of the debt's discharge but maliciously continued their collection and garnishment efforts.

### COUNT I – VIOLATION OF 15 U.S.C. §1692e(2)(A) and §1692e(10) AGAINST DEFENDANTS

41.     Plaintiff incorporates paragraphs 1 through 40 as if fully set forth herein.

42.     Defendants violated §1692e(2)(A) of the FDCPA by misrepresenting the legal status of the debt.

43.     Additionally, Defendants violated § 1692e(10) of the FDCPA by using a false representation and deceptive means in an attempt to collect a debt from Plaintiff.

44.     Specifically, Defendants continued to garnish or offset Plaintiff's social security payments after being notified that his student loans were discharged.

45.     Defendants' were notified multiple times via email and written correspondence that Plaintiff no longer owed any money on his student loans based on the discharge.

46.     Defendants continued their pursuit of the garnishment and/or offset despite being on notice that the debt had been discharged.

47.     Defendants, through their respective agents, representatives, and/or employees acting within the scope of their authority, violated 15 U.S.C. §1692e(2)(a) and 15 U.S.C. §1692e(10).

48.     15 U.S.C. § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

49.     As a result of Defendants' aforementioned violations, Plaintiff suffered

damages, including but not limited to, time spent addressing Defendant's illegal collection practices, and emotional distress.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor against Defendants for:

a.  Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

b.  Attorneys' fees, litigation expenses and costs of the instant suit; and

c.  Such other or further relief as the Court deems proper.

### COUNT II – VIOLATION OF FLA. STAT. §559.72(9) AGAINST ALL DEFENDANTS

50.  Plaintiff incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

51.  At all times relevant to this action, Defendants are subject to and must abide by the law of Florida, including Florida Statute § 559.72.

52.  Defendants violated Florida Statute § 559.72(9) by claiming, attempting, or threatening to enforce a debt when Defendants knew that the debt was not legitimate, or asserting the existence of some other legal right when Defendants knew that right did not exist.

53.  Defendants' were notified multiple times via email and written correspondence that Plaintiff no longer owed any money on his student loans based on the discharge.

54.  Defendants continued their pursuit of the garnishment and/or offset despite being on notice that the debt had been discharged.

55.  Defendants continued their pursuit of the garnishment despite being on notice that the garnishment was violating such laws.

56.     "Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s.559.72, the frequency and persistence of the non-compliance, and the extent to which the noncompliance was intentional." Fla. Stat. 559.77(2).

57.     As a result of Defendant' aforementioned violations, Plaintiff suffered damages, including but not limited to, time spent addressing Defendant' illegal collection practices.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in her favor, jointly and severally, against Defendants for:

a.  Actual, statutory, and punitive damages pursuant to Fla. Stat. § 559.77;

b.   attorneys' fees, litigation expenses and costs of the instant suit; and

c.  such other or further relief as the Court deems proper.

## COUNT III – WRONGFUL GARNISHMENT AGAINST ALL DEFENDANTS

58.     Plaintiff incorporates by reference paragraphs 1 through 40 as if fully set forth herein.

59.     Defendants, maliciously and without probable cause, caused Plaintiff's social security payments to be offset starting in December 2023 and continuing to this date.

60.     Defendants, maliciously and without probable cause, continued to pursue the garnishment despite the fact that they were notified on multiple occasions that Plaintiff's debt was discharged.

61.     The underlying debt was discharged in Plaintiff's favor by the Department of Education.

62.     As a result, Defendants caused the improper sequestration of Plaintiff's social security funds.

WHEREFORE, Plaintiff, BENJAMIN F. STEPHENSON JR., demands judgment in his favor against Defendants, for actual damages, compensatory damages, punitive damages, and such other relief as this Court deems just and proper.

## JURY DEMAND

63.     Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**
***/s/ Kevin Rajabalee, Esq.***
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw.com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
***Attorney for Plaintiff***